IN THE COUNTY COURT OF HILLSBOROUGH COUNTY, FLORIDA - CIVIL ACTION

DAVID BAUER,

    Plaintiff,

vs.                                    CASE NO.:

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

## STATEMENT OF CLAIM

    Plaintiff David Bauer sues defendant Midland Credit Management, Inc., and states as follows:

### BACKGROUND

1. This is an action for damages which do not exceed $2,500 in any single count; it is brought for violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The TCPA prohibits all persons from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The FDCPA, 15 U.S.C. § 1692 *et seq.*, prohibits debt collectors from engaging in abusive, deceptive and unfair practices in collecting consumer debts; the debt sought to be collected by the defendant herein was a consumer debt.

3. Plaintiff David Bauer ("Bauer") is a natural person residing in Hillsborough County, Florida.

4. Defendant Midland Credit Management, Inc. ("Midland Credit") is a Kansas corporation doing business in the state of Florida, with its principal place of business being

located in San Diego, California.

5. Midland Credit is subject to the provisions of the TCPA and the FDCPA, and is subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

## FACTS

6. The facts underlying this lawsuit are as follow:

    a. FEBRUARY 14, 2013 CALL: On or about February 14, 2013 Midland Credit caused a call to be made to Bauer's cellular telephone number at 239-222-6566 in connection with attempting to collect a consumer debt; the call variously violated the TCPA and FDCPA as follows:

        i. TCPA VIOLATION: In making the call Midland Credit utilized automated dialing equipment, thereby violating the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii).

        ii. FDCPA VIOLATION: When Bauer answered the phone call and spoke to the caller he was not given meaningful disclosure of the caller's identity as required by the FDCPA at 15 U.S.C. § 1692d(6).

        iii. FDCPA VIOLATION: The call was the initial communication to Bauer by Midland Credit within the meaning of the FDCPA at 15 U.S.C. § 1692g; Midland Credit violated the FDCPA by failing to comply with the requirements of 15 U.S.C. § 1692g(a).

    b. FEBRUARY 17, 2013 CALL AT 6:19 P.M., TCPA VIOLATION: On or about February 17, 2013 at approximately 6:19 p.m. Midland Credit caused another call to be made to Bauer's cellular telephone number at 239-222-6566 utilizing automated dialing equipment, thereby violating the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii).

    c. FEBRUARY 17, 2013 CALL AT 6:22 P.M., FDCPA VIOLATION: On or about February 17, 2013 at approximately 6:22 p.m. Midland Credit caused a debt collection call

to be made to Bauer at a non-cellular phone number and left an "empty" voice mail message where only background noise could be heard, thus violating the FDCPA at 15 U.S.C. § 1692d(6) by not providing meaningful disclosure of the caller's identity.

d. FEBRUARY 17, 2013 CALL AT 6:31 P.M., FDCPA VIOLATION: On or about February 17, 2013 at approximately 6: 31 p.m. Midland Credit caused a debt collection call to be made to Bauer at a non-cellular phone number, leaving a voice mail message violating the FDCPA at 15 U.S.C. §1692d(6) by filing to provide meaningful disclosure of the caller's identity.

e. Because Midland Credit has been successfully sued in the past by Bauer pursuant to the same provisions of the TCPA for automated calls made to the very same cellular phone number, the violations by Midland Credit of the TCPA were willful and knowing within the meaning of the statute at 47 U.S.C. § 227(b)(3). Accordingly Midland Credit was well aware that the number they were calling was proscribed from being called under the TCPA, but made more calls in violation of the TCPA only a few months after the close of the earlier case. For these reasons, Bauer requests that the Court take judicial notice of Case No. 8:12-CV-614-SDM-TGW on the docket of the United States District Court for the Middle District of Florida, Tampa Division.

## COUNT I: FDCPA VIOLATIONS

7. Paragraphs 1 through 6 are hereby realleged and incorporated herein.

8. Midland Credit is liable for the above-said violations of the FDCPA, and Bauer is thereby entitled to award of statutory damages not to exceed $1,000.

## COUNT II: TCPA VIOLATION #1

9. Paragraphs 1 through 6 are hereby realleged and incorporated herein.

10. Because the automated and/or recorded telephone call made by Midland Credit to

Bauer on February 14, 2013 was willful or knowing, the Court should make a statutory damage award to Bauer in the amount of $1,500 for the call pursuant to the provisions of the TCPA at 47 U.S.C. § 227(b)(3).

## COUNT II: TCPA VIOLATION #2

11. Paragraphs 1 through 6 are hereby realleged and incorporated herein.

12. Because the automated and/or recorded telephone call made by Midland Credit to Bauer on February 17, 2013 at approximately 8:38 a.m. was willful or knowing, the Court should make a statutory damage award to Bauer in the amount of $1,500 pursuant to the provisions of the TCPA at 47 U.S.C. § 227(b)(3).

## AD DAMNUM

WHEREFORE, plaintiff David Bauer demands judgment against defendant Midland Credit Management, Inc. for statutory damages as follow:

a. FDCPA DAMAGES: $1,000 in statutory damages for violations of the FDCPA;

b. TCPA DAMAGES: Statutory damages of $1,500 for each violation of the TCPA by the defendant, for a total of $3,000;

c. TCPA EQUITABLE RELIEF: Equitable relief enjoining the defendant from further violations of the TCPA;

d. FEES AND COSTS: Costs and attorneys' fees pursuant to the FDCPA.

 s/ Timothy Condon
TIMOTHY CONDON, ESQ. - FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF